UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>JAMEL K. SEMPER<br>UNITED STATES DISTRICT JUDGE | FRANK R. LAUTENBERG<br>POST OFFICE AND COURTHOUSE<br>NEWARK, NJ 07101<br>973-645-3493 |

February 26, 2024

VIA ECF

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

Re:   **Victoria v. Anderson et al., Civil Action No. 23-03765**

Dear Litigants:

The current matter comes before the Court on a motion to dismiss ("Motion") filed by Defendants Joshua Anderson, Taal Harris, Ryan McKay, Salvatore Palmieri, and Richard Rosamilia (collectively the "Officer Defendants"). (ECF 7.) Plaintiff Nicholas Victoria ("Plaintiff") opposed the Officer Defendants' motion. (ECF 8.) The Officer Defendants filed a brief in reply.[1] (ECF 10.) The Court reviewed all the submissions in support and in opposition and held oral argument with the parties on February 23, 2024. For the reasons stated below, the Officer Defendants' motion is **GRANTED.**

## I.   FACTUAL AND PROCEDURAL BACKGROUND[2]

Plaintiff is a resident of Orange, New Jersey. (ECF 1, Compl. ¶ 2.) Defendants Joshua Anderson ("Anderson"), Taal Harris ("Harris"), Ryan McKay ("McKay"), Salvatore Palmieri ("Palmieri"), and Richard Rosamilia ("Rosamilia") are employed by Defendant City of Orange Township Police Department ("OPD"). (*Id.* ¶¶ 5-9.)

On or about July 18, 2021[3], Plaintiff alleges that Anderson, Harris, McKay, Palmieri, and Rosamilia were at Plaintiff's residence in response to a call for service for an "emotionally disturbed person." (*Id.* ¶ 15.) The Officer Defendants allegedly "forcibly entered" Plaintiff's residence by "breaking down his locked front door with their service revolvers and rifles unholstered and raised, [and] tackled Plaintiff to the ground" (*Id.* ¶ 16.) Plaintiff contends Officer Defendants "choked," "handcuff[ed]," "arrest[ed]" and "conducted a warrantless search of his

---

[1] Officer Defendants' brief in support of their Motion to Dismiss (ECF 7-2) will be referred to as "Off. Defs. MTD." Plaintiff's brief in opposition to the Individual Defendants' motion (ECF 8) will be referred to as "Plf. Br." and the Officer Defendants' reply brief (ECF 10) will be referred to as "Off. Defs. Rep."
[2] The facts are taken from the Complaint ("Compl."), ECF 1, for purposes of the current motion.
[3] Plaintiff included Exhibit B in his complaint which details OPD receipt of a call from Plaintiff's girlfriend that Plaintiff was planning to harm himself with a weapon. Upon arriving at the scene, OPD received information from Plaintiff's neighbors that they overheard Plaintiff arguing with someone about seeing a psychiatrist. Notwithstanding Plaintiff's exhibit, the Court's opinion is limited to the four corners of the Complaint.

entire residence." (*Id.*) Plaintiff denied any history of psychiatric or emotional problems and denied having any suicidal thoughts, being a harm to himself, or possessing any weapons. (*Id.* ¶ 17.) Thereafter, Plaintiff claims the Officer Defendants transported him to East Orange General Hospital where Plaintiff received a medical and psychiatric evaluation and was discharged home. (ECF 1, Compl. ¶ 18.) No arrest warrant, search warrant, or other charges were ever issued with respect to the incident. (*Id.* ¶ 19.) This "deprivation of and loss of liberty" allegedly caused Plaintiff to suffer "physical harm," "severe mental anguish," "financial harm," and "emotional distress." (*Id.* ¶¶ 22-25.)

On July 14, 2023, Plaintiff filed suit in this Court alleging that Officer Defendants and others violated his constitutional rights, seeking redress for the deprivation of Plaintiff's civil liberties and compensatory and punitive damages to redress the alleged deprivation of Plaintiff's rights secured by the Constitution of the United States and State of New Jersey. (*See generally* ECF 1, Compl.) The Officer Defendants filed the instant motion on September 8, 2023, and all briefing was timely filed. (ECF 7-8, 10.)

## II.   MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." For a complaint to survive dismissal under the rule, it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Restatements of a claim's elements are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

## III.   LEGAL ANALYSIS

Plaintiff asserts three counts against the Officer Defendants. (*See generally* ECF 1, Compl.) Counts I and II assert violations pursuant to 42 U.S.C. § 1983 ("Section 1983") and Count III asserts a violation of 42 U.S.C. § 1981. (*Id.*)

Section 1983, in relevant part, provides as follows:

2

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

Section 1983 does not provide substantive rights; rather, Section 1983 provides a vehicle for vindicating violations of other federal rights. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). As a result, Section 1983 is the exclusive federal remedy for violations of Section 1981. *McGovern v. City of Phila.*, 554 F.3d 114, 120 (3d Cir. 2009). To state a Section 1983 claim, a plaintiff must demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Burt v. CFG Health Sys.*, No. 15-2279, 2015 WL 1646849, at *2 (D.N.J. Apr. 14, 2015).

   1. **Group Pleading**

At the outset, the moving Defendants argue the Complaint must be dismissed because Plaintiff fails to plead sufficient facts demonstrating their individual involvement in the purported wrongdoing. Mere "conclusory allegations against defendants as a group" that "fail[] to allege the personal involvement of any defendant" are insufficient to survive a motion to dismiss. *Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297, at *2 (D.N.J. June 29, 2015). A plaintiff must allege facts that "establish each individual [d]efendant's liability for the misconduct alleged." *Id.* When several defendants are named in a complaint, plaintiff cannot refer to all defendants "who occupied different positions and presumably had distinct roles in the alleged misconduct" without specifying "which defendants engaged in what wrongful conduct." *Falat v. Cnty. of Hunterdon*, No. 12-6804, 2013 WL 1163751, at *3 (D.N.J. Mar. 19, 2013) (emphasis in original). A complaint that contains "impermissibly vague group pleading" will be dismissed. *Id*.

Here, Plaintiff falls short of the requirement that he plead specific facts as to each Defendant's involvement in the alleged wrongdoing(s). Plaintiff's sole factual allegations as to the Defendants are that they acted in concert in entering his residence, tackling Plaintiff to the ground, choking and restraining Plaintiff and conducting a warrantless search of Plaintiff's apartment. (ECF 1, Compl. ¶ 13-16.) Plaintiff's Complaint fails to provide any accounting of the distinct roles each Defendant played in the alleged incident. Plaintiff asserts no facts under which the Court could infer that Anderson, Harris, McKay, Palmieri, or Rosamilia engaged in improper conduct on July 18, 2021.[4]

The Complaint fails to specify the offenses of the Officer Defendants, and instead, groups Defendants together as a unit of wrongdoers and makes general allegations against the group. Accordingly, the Complaint deprives the Defendants of Rule 8's requisite notice of the claims

---

[4] This Court cannot make up causes of action nor infer facts that are not present in Plaintiff's Complaint. *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 499 n.1 (3d Cir. 1997) ("Although a complaint's allegations are to be construed favorably to the pleader, we will not read causes of action into a complaint when they are not present.").

against each Defendant. "Even under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants." *Shaw v. Hous. Auth. of Camden*, No. 11-4291, 2012 WL 3283402, at *2 (D.N.J. Aug. 10, 2012) (citing *Pietrangelo v. NUI Corp.*, No. 04-3223, 2005 WL 1703200 (D.N.J. July 20, 2005)).[5] "Courts in this district have dismissed complaints when the [complaints] contain improper 'group pleading.' This type of pleading fails to satisfy Rule 8 'because it does not place Defendants on notice of the claims against each of them.'" *Baldeo v. City of Paterson*, No. 18-5359, 2019 WL 277600, at *4 (D.N.J. Jan. 18, 2019) (quoting *Sheeran v. Blyth Shipholding S.A.*, No. 14-5482, 2015 WL 9048979, at *3 (D.N.J. Dec. 16, 2015)).

Therefore, Defendants' Motion is granted on this basis, and the Complaint is dismissed in its entirety without prejudice.[6] Although the group pleading deficiency is dispositive, Plaintiff's pleading contains additional defects that the Court will address.

2. **New Jersey Constitution (Count I)**

In part, Plaintiff alleges in his Complaint the Officer Defendants engaged in excessive force, warrantless search, false arrest, and false imprisonment in violation of the New Jersey Constitution. (ECF 1, Compl. at 7-8.) Officer Defendants, however, correctly assert that Section 1983 does not create a cause of action for violation of the New Jersey Constitution. *Gormley v. Wood-El*, 93 A.3d 344, 358 (N.J. 2014) ("Section 1983 applies only to deprivations of federal rights, whereas *N.J.S.A.* 10:6–1 to 2 applies not only to federal rights but also to substantive rights guaranteed by New Jersey's Constitution and laws."); *accord Harris v. City of Newark*, 271 A.3d 1250, 1257 (N.J. 2022) (same) (citation omitted).

In opposition, Plaintiff fails to reconcile and/or materially respond to Defendants' assertion. Instead, Plaintiff merely suggests his causes of action are "not predicated upon the Defendants' violation of the Plaintiff's rights under the New Jersey Constitution." (ECF 8, Plf. Br. at 8.) Consequently, Plaintiff's claims under the New Jersey Constitution as they relate to supposed violations of 42 U.S.C. §1983 are dismissed with prejudice.

3. **Excessive Force, Unlawful Search, False Arrest and False Imprisonment Pursuant to the Fourteenth Amendment (Count I)**

Officer Defendants improperly assert Plaintiff's claims are only cognizable under the Fourth Amendment. (Off. Defs. MTD at 7.) Excessive force, unlawful arrest, search and seizure, and false imprisonment are properly analyzed through the Fourth Amendment and not substantive due process. *See generally Graham v. Connor*, 490 U.S. 386 (1989); *Washington v. Hanshaw*, 552 F. App'x 169 (3d Cir. 2014); *Abraham v. Raso*, 183 F.3d 279 (3d Cir. 1999). However, Officer

---

[5] In Officer Defendants' moving papers, they contend some of Plaintiff's Fourth Amendment claims must be dismissed pursuant to the heightened pleading standard of Fed. R. Civ. P. 9(b). Given the nature of the allegations, this Court does not agree that the heightened pleading standard is applicable and instead relies upon the pleading requirements of Fed. R. Civ. P. 8.

[6] The *Twombly* plausibility standard … does not prevent a plaintiff from pleading facts alleged 'upon information and belief' [1] where the facts are peculiarly within the possession and control of the defendant, or [2] where the belief is based on factual information that makes the inference of culpability plausible." *Arista Recs., LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010).

Defendants' contention that Count I should be dismissed as to the Fourteenth Amendment is misplaced at this stage. This Court acknowledges that Plaintiffs "may not bring some general freestanding Fourteenth Amendment claims . . . because the actions of the police officers are subsumed by a more specific provision of the Bill of Rights, the Fourth Amendment." *Velardo v. Lewko*, No. 18-1885, 2019 WL 4391444 (M.D. Pa. Sept. 13, 2019) (citing *Albright v. Oliver,* 510 U.S. 266 (1994). However, it is critical to note that the Fourth Amendment is made applicable to state actors through the Fourteenth Amendment. *Mapp v. Ohio,* 367 U.S. 643, 655 (1961).

4. **Equal Protection (Count II)**

The Officer Defendants also argue that Plaintiff's equal protection claim must be dismissed because Plaintiff only makes conclusory allegations that improper conduct was motivated by racial animus and that other similarly situated persons outside the class are not discriminated against. (ECF 7, Off. Defs. MTD at 12.)

The Fourteenth Amendment's Equal Protection Clause provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. A plaintiff raising an equal protection claim "must present evidence that s/he has been treated differently from persons who are similarly situated." *Renchenski v. Williams*, 622 F.3d 315, 337 (3d Cir. 2010) (internal citation omitted). In other words, a plaintiff must allege that (1) he is a member of a protected class; (2) he was treated differently from similarly situated individuals; and (3) the disparate treatment was based on his membership in the protected class. *See Kaul v. Christie*, 372 F. Supp. 3d 206, 254 (D.N.J. 2019); *see also Mascio v. Mullica Twp. Sch. Dist.*, Civ. No. 16-206, 2016 WL 4880511, at *3 (D.N.J. Sept. 13, 2016); *see also Keenan v. City of Phila.*, 983 F.2d 459, 465 (3d Cir. 1992).

Plaintiff, having pled that he is an "African American Male," has sufficiently alleged membership in a protected class. *See, e.g.*, *Fitzpatrick v. Bergen Cty. Prob. Dep't.*, Civ. No. 05-1520, 2005 WL 1126794, at *3 (D.N.J. May 5, 2005) (noting that protected classes include race, alienage, national origin, and sex). However, Plaintiff fails to sufficiently plead that he was treated differently from similarly situated individuals and that the disparate treatment was based on his membership in the protected class. In opposition, Plaintiff merely offers a conclusory explanation that Officer Defendants' conduct was motivated by "racial discrimination" and that Plaintiff is not "required to prove its case in the initial pleading." (ECF 8, Plf. Br. at 7.) Sweeping assertions that a party was treated differently from others, without more, is not enough to sustain an equal protection claim, and Plaintiff's claim is dismissed without prejudice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context.")

5. **Duplicative Pleading (Count III)**

Plaintiff brings claims for excessive force, warrantless search, false arrest, and false imprisonment pursuant to 42 U.S.C. § 1981. However, these claims are not properly brought pursuant to Section 1981; rather, they are only proper under Section 1983. *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733 (1989); (holding that the exclusive federal remedy against state actors

for violation of rights guaranteed in Section 1981 is 42 U.S.C. § 1983); *McGovern v. City of Phila.*, 554 F.3d 114, 120 (3d Cir. 2009) (same). Indeed, while Section 1981 creates *rights,* Section 1983 provides the *remedy* to enforce those rights against state actors.

Officer Defendants correctly argue that Section 1983 is the exclusive federal remedy for violations of Section 1981, and Section 1983 provides the vehicle for vindicating violations of other federal rights. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). Plaintiff failed to substantively oppose this portion of Officer Defendants' motion. Accordingly, Count III of Plaintiff's Complaint is dismissed in its entirety with prejudice.

### IV. Conclusion

For the reasons stated above, the Defendant's Motion to Dismiss Plaintiff's Complaint (ECF 7), is **GRANTED.** Plaintiff's Complaint is dismissed without prejudice. An appropriate Order accompanies this opinion. Plaintiff may file an amended pleading that is consistent with this Opinion, within thirty (30) days of the date of the Opinion and the accompanying Order.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:   Clerk
cc:     Leda D. Wettre, U.S.M.J.
        Parties